IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JOSEPH ZLOZA,

                Plaintiff,

v.

NEW LISBON POLICE DEPARTMENT, JUNEAU COUNTY COURTHOUSE, SHERYL ALBERTS, and BRENT GRANGER,

                Defendants.

OPINION and ORDER

23-cv-59-wmc[1]

---

Pro se plaintiff Joseph Zloza alleges that he was falsely accused of a crime in 2013. He seeks leave to proceed in forma pauperis. The next step is for me to screen the complaint and dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915. In doing so, I must accept the allegations as true and construe the complaint generously, holding it to a less stringent standard than formal pleadings drafted by lawyers. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). With that standard in mind, I conclude that Zloza's complaint must be dismissed, but I will give him an opportunity to file an amended complaint that addresses the problems identified in this order.

---

[1] I am exercising jurisdiction over this case for the purpose of this screening order only.

ALLEGATIONS OF FACT

In 2013, Zloza was placed in "an offender program." Dkt. 1 at 4. He says that he was drugged by "some guy or child" who then planted drugs in his wallet. *Id.* Police officer Brent Granger examined the drugs but gave them back to Zloza, and then charged Zloza with child molestation and said Zloza was masturbating. Zloza told Sheryl Alberts and asked her to look at camera footage of the incident.

ANALYSIS

Zloza indicates that he is suing under federal law. His allegations lack coherence, but they seem to involve concerns of malicious prosecution. Zloza says he wants defendants "in a cell." *Id.* at 5. But as a private citizen, Zloza is not entitled to an order requiring the criminal arrest or prosecution of any individual. *Del Marcell v. Brown Cnty. Corp.*, 680 F.3d 887, 901–02 (7th Cir. 2012) (Easterbrook, C.J., concurring); *see also Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.").

Zloza also seeks damages, but his allegations are too sparse to state a claim that he could proceed on in federal court. I understand Zloza to be alleging that Granger falsely accused him of criminal conduct and that he was actually the victim as reported to Alberts. The United States Supreme Court has recognized a Fourth Amendment claim for malicious prosecution when a defendant's actions cause the plaintiff to be seized without probable cause. *Thompson v. Clark*, 142 S. Ct. 1332, 1337 (2022). But Zloza alleges that he was in "an offender program," so it is unclear that he was seized because of Granger's or Alberts's conduct. Whether a plaintiff could pursue a malicious prosecution claim under the Fourteenth Amendment, which would

2

presumably not require allegations or proof of seizure, is "an open question." *Jones v. New York*, 34 F.4th 550, 564 n.8 (7th Cir. 2022) (citing *Thompson*, 142 S. Ct. at 1337 n.2.). Regardless, a federal or state-law malicious prosecution claim requires, among other things, a favorable termination of the underlying legal proceeding. *Id.* at 1338; *see Whispering Springs Corp. v. Town of Empire*, 183 Wis. 2d 396, 404, 515 N.W.2d 469, 472 (Ct. App. 1994) (listing the elements of a state-law malicious prosecution claim). Even if I assume that criminal proceedings were initiated against Zloza, his allegations do not suggest how those proceedings ended. In sum, I cannot evaluate Zloza's complaint without more factual detail.

      I will dismiss Zloza's complaint because it does not state a claim upon which relief can be granted, but his allegations are sparse. Because it may still be possible for him to state a federal claim, I will allow him an opportunity to file an amended complaint that addresses the problems I have described in this order. In drafting his amended complaint, Zloza should again use the court's nonprisoner complaint form, which I will send him with this order. He should also name everyone he wants to sue in the caption and explain who they are and how he believes they each violated his rights. I note for Zloza's benefit that while he named the New Lisbon Police Department and the Juneau County Courthouse as defendants, these entities are not persons that can be sued in this type of lawsuit. *See Best v. City of Portland*, 554 F.3d 698, 698 n.1 (7th Cir. 2009) ("a police department is not a suable entity under § 1983"); *Taylor v. Milwaukee Cnty. Courthouse*, No. 18-C-1661, 2018 WL 5982545, at *3 (E.D. Wis. Nov. 14, 2018) (the Milwaukee County Courthouse is not an individual subject to suit under § 1983). If Zloza does not file an amended complaint by the deadline indicated below, I will dismiss this case.

ORDER

IT IS ORDERED that:

1. Plaintiff's complaint, Dkt. 1, is DISMISSED for failure to state a claim upon which relief can be granted.

2. Plaintiff may have until **March 15, 2023**, to file an amended complaint that corrects the deficiencies described in this order.

3. Plaintiff must file his second amended complaint on the court's nonprisoner complaint form, which the court will send him with this order. Plaintiff must fill out the form completely.

4. The amended complaint will act as a complete substitute for the complaint. The case will proceed on only the allegations made and claims presented in the amended complaint.

5. If plaintiff fails to respond by that deadline, I will dismiss this lawsuit.

6. It is plaintiff's obligation to inform the court of any new address. If he fails to do this and defendants or the court are unable to locate him, his claims may be dismissed for his failure to prosecute them.

Entered February 22, 2023.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge