IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JOSEPH ZLOZA,

                    Plaintiff,

    v.                                         OPINION and ORDER

CITY OF NEW LISBON,
CITY OF MAUSTON,                            23-cv-59-wmc[1]
BRANT GRANGER, and
SHERYL ALBERTS,

                    Defendants.

---

Plaintiff Joseph Zloza contends that he was the victim of crime while in an offender program. He seeks leave to proceed in forma pauperis.

In a previous order, I dismissed Zloza's complaint for failure to state a claim upon which relief could be granted. Dkt. 6. Zloza has submitted an amended complaint that I will screen and dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. §§ 1915, 1915A. In doing so, I must accept the allegations as true and construe the complaint generously, holding it to a less stringent standard than formal pleadings drafted by lawyers. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). With this standard in mind, I conclude that the amended complaint must be dismissed. But I will give Zloza a final opportunity to file an amended complaint that corrects the problems I describe in this order.

---

[1] I am exercising jurisdiction over this case for the purpose of screening only.

ANALYSIS

Zloza says that in 2013, "they" placed him in "an offender program" where he reported being the victim of a crime. Dkt 1 at 2. He also refers to attempted manslaughter and says that defendant Brant Granger "had a man crush on" him and that "agents" are "sexually harassing [him] at work." *Id.* at 3–4.

Although Zloza indicates that he is suing under federal law and seeks damages, his allegations are too sparse to proceed in this court. Federal Rule of Civil Procedure 8 requires a "'short and plain statement of the claim' sufficient to notify the defendants of the allegations against them and enable them to file an answer." *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006). Dismissal is proper "if the complaint fails to set forth 'enough facts to state a claim to relief that is plausible on its face.'" *St. John's United Church of Christ v. City of Chi.*, 502 F.3d 616, 625 (7th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

The amended complaint does not explain what Zloza believes each defendant did to violate his rights or state a claim. Zloza names four defendants in the caption but refers to only Granger in the amended complaint. Zloza does not explain who Granger is, but alleges that Granger was attracted to him. That is not a basis for legal liability. Zloza also alleges that he reported a crime after "they" placed him in an offender program. I cannot infer liability without more factual detail about who was involved in that event, what they each did, and what happened to Zloza as a result. The same is true for Zloza's allegation that "agents" are sexually harassing him at work. Zloza does not specify who these agents are, name any agents as defendants in the caption, or explain how they are harassing him.

Zloza cannot proceed against Alberts, the City of New Lisbon, or the City of Mauston either. Liability in a civil rights lawsuit "is premised on the wrongdoer's personal

2

responsibility." *Kuhn v. Goodlow*, 678 F.3d 552, 555–56 (7th Cir. 2012). But the amended complaint does not explain who Alberts is or specify what actions she took that injured Zloza. Nor does Zloza explain why he is suing the cities of New Lisbon and Mauston. Cities can be sued in this type of lawsuit, but only if the plaintiff identifies a city policy or practice that caused the violation of his rights. *See McCauley v. City of Chicago*, 671 F.3d 611, 616, 618 (7th Cir. 2011).

Because Zloza's amended complaint violates Rules 8 and fails to state a claim, I will dismiss it. I will allow Zloza a final opportunity to file a second amended complaint that corrects the deficiencies I have described in this order. In drafting his second amended complaint, Zloza must again use the court's nonprisoner complaint form, which I will send him with his order. He should name everyone he wants to sue in the caption of the form, and provide enough factual detail to explain who they are and what actions each of them took that violated his rights. The second amended complaint will act as a complete substitute for the amended complaint. As required by § 1915, I will screen only the allegations made and the claims presented in the second amended complaint to determine whether they state a claim upon which relief may be granted. If Zloza does not file a second amended complaint by the deadline indicated below, I will dismiss this case.

ORDER

IT IS ORDERED that:

1) Plaintiff Joseph Zloza's amended complaint, Dkt. 7, is DISMISSED for failure to state a claim upon which relief can be granted and for failure to comply with Federal Rule of Civil Procedure 8.

2) Plaintiff may have until **April 3, 2023,** to file a second amended complaint that corrects the deficiencies described in this order.

3

3)  Plaintiff must file his second amended complaint on the court's prisoner complaint form, which the court will send him with this order. Plaintiff must fill out the form completely.

4)  The second amended complaint will act as a complete substitute for the amended complaint. The case will proceed on only the allegations made and claims presented in the second amended complaint.

5)  If plaintiff fails to respond by that deadline, I will dismiss this lawsuit.

6)  It is plaintiff's obligation to inform the court of any new address. If he fails to do this and defendants or the court are unable to locate him, his claims may be dismissed for his failure to prosecute them.

Entered March 13, 2023.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge

4