IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

| | | |
|---|---|---|
| JOSEPH ZLOZA, | | |
| | Plaintiff, | OPINION and ORDER |
| v. | | |
| TIM SEIBERT, | | 23-cv-58-wmc[1] |
| | Defendant. | |

---

| | | |
|---|---|---|
| JOSEPH ZLOZA, | | |
| | Plaintiff, | |
| v. | | |
| NEW LISBON POLICE DEPARTMENT JUNEAU COUNTY COURTHOUSE, SHERYL ALBERTS, BRENT GRANGER, CITY OF NEW LISBON, and CITY OF MAUSTON, | | OPINION and ORDER 23-cv-59-wmc |
| | Defendants. | |

---

| | | |
|---|---|---|
| JOSEPH ZLOZA, | | |
| | Plaintiff, | |
| v. | | |
| CHANTIX, DOCTOR, PFIZER, CITY OF NEW LISBON, CITY OF MAUSTON, and FBI & CIA, WHATEVER ELSE GOVERNMENT AGENCY, | | OPINION and ORDER 23-cv-190-wmc |
| | Defendants. | |

---

[1] I am exercising jurisdiction over all of Joseph Zloza's cases for the purpose of screening only.

| | |
|---|---|
| JOSEPH ZLOZA, | |
| Plaintiff, | |
| v. | OPINION and ORDER |
| FBI and ALL OTHER POLICE, | 23-cv-221-wmc |
| Defendants. | |

| | |
|---|---|
| JOSEPH ZLOZA, | |
| Plaintiff, | |
| v. | OPINION and ORDER |
| MIX TELE, NILES SHILTS, JON SCHENIDER, and FBI GUY THAT ATTACKED ME, | 23-cv-314-wmc |
| Defendants. | |

| | |
|---|---|
| JOSEPH ZLOZA, | |
| Plaintiff, | |
| v. | OPINION and ORDER |
| CITY OF MAUSTON, CITY OF NEW LISBON, and UNDERCOVER COP NAMED AARON LEMAY, | 23-cv-319-wmc |
| Defendants. | |

| | |
|---|---|
| JOSEPH ZLOZA, | |
| Plaintiff, | |
| v. | OPINION and ORDER |
| WABASH NATIONAL and CREEPY UNDERCOVER FEDERAL AGENT, | 23-cv-320-wmc |
| Defendants. | |

JOSEPH ZLOZA,

                Plaintiff,

    v.                                                                                                  OPINION and ORDER

CITY OF NEW LISBON,
CITY OF MAUSTON,                                                                  23-cv-352-wmc
STATE OF WISCONSIN,
and FAMILY OF THE ATTACKER,

                Defendants.

---

JOSEPH ZLOZA,

                Plaintiff,

    v.                                                                                                  OPINION and ORDER

E80 PLUS CONSTRUCTORS,
MANY UNKONWN, DOVE,                                                            23-cv-430-wmc
DOVE 3 BUSTERS,
and US GOVERNMENT,

                Defendants.

---

Pro se plaintiff Joseph Zloza has flooded this court with 36 complaints and amended complaints across 11 lawsuits since January 2023. I have dismissed the initial complaint in each of the seven cases I have screened so far and allowed Zloza to proceed in only one of those cases.[2] There are complaints and proposed amended complaints yet to be screened in these nine cases.

In screening Zloza's complaints, I have warned him that he may face sanctions for the abusive language in his submissions as well as a filing bar if he continues to file deficient

---

[2] *See* case nos. 23-cv-58-wmc, 23-cv-59-wmc, 23-cv-140-wmc, 23-cv-190-wmc, 23-cv-221-wmc, 23-cv-286-wmc, and 23-cv-352-wmc.

3

complaints.[3] In response, Zloza has filed the same proposed amended complaint in four cases.[4] Because this most recent amended complaint gathers all of his prior allegations into one document and adds new allegations, I assume that Zloza means for it to replace all of his prior-filed pleadings in these nine cases. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n.1 (7th Cir. 2004) ("It is axiomatic that an amended complaint supersedes an original complaint and renders the original complaint void."). The next step is for me to screen the amended complaint under 28 U.S.C. § 1915. Pro se pleadings like Zloza's are entitled to a more generous review than those filed by lawyers. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). Even with that generous standard in mind, I conclude that Zloza's amended complaint, and thus all of these lawsuits, must be dismissed.

I will dismiss Zloza's amended complaint as frivolous. "A court may dismiss a claim as factually frivolous only if the facts alleged are 'clearly baseless,' a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.' As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992).

Such is the case with Zloza's latest amended complaint, which I understand to be alleging a conspiracy involving law enforcement in several states. He recounts that he was "poisoned" in a group home in 2013 and had to leave so that "they" could kill another resident. Case no. 23-cv-430-wmc, Dkt. 4 at 1. Over the next two years or so, Zloza says he was given

---

[3] *See* case nos. 23-cv-58-wmc, Dkt. 14 at 3, and 23-cv-286-wmc, Dkt. 4 at 4.

[4] *See* case nos. 23-cv-221-wmc, Dkt. 11, 23-cv-320-wmc, Dkt. 6, 23-cv-352-wmc, Dkt. 10, and 23-cv-430-wmc, Dkt. 4.

medication and had a series of encounters with the FBI, the Wisconsin State Patrol, and the New Lisbon Police Department. Zloza alleges that law enforcement officers—who are often unidentified—injured and molested him and abused their power, and that he engaged in criminal activity including molesting someone, stealing weapons, and driving without a license. Zloza also describes working at various companies in Wisconsin and Utah where he says he was exposed to chemicals and sexually harassed and assaulted by undercover law enforcement and coworkers before "waking up" in March of 2023. *Id.* at 2.

Taken together, Zloza's allegations strain credulity. He appears to believe the things he is alleging, but from a neutral perspective, most of his allegations have no possible merit. Indeed, no reasonable person would believe that so many different law enforcement agents in different states have harassed Zloza, including while working undercover at Zloza's places of employment, have tried to "get him high," or poisoned or assaulted him. *Id.* at 1. I have afforded Zloza multiple opportunities across his cases to amend his pleadings, and I conclude that any additional amendments at this point would be futile. *See Zimmerman v. Bornick*, 25 F.4th 491, 493–94 (7th Cir. 2022) (a court should deny leave to amend if it is certain that amendment would be futile or otherwise unwarranted, such as when a plaintiff has already had multiple chances to cure deficiencies). Accordingly, I will dismiss his amended complaint and direct the clerk's office to close his remaining open cases.

This includes Zloza's lawsuit against defendant Tim Seibert, in which I allowed Zloza to proceed on Wisconsin state-law civil assault and battery claims. Seibert, the president of a company Zloza worked for briefly in 2021, moved for summary judgment instead of filing an answer. Case no. 23-cv-58-wmc, Dkt. 15. Seibert's evidence establishes that he was never at the Wisconsin construction site where Zloza worked. *Id.*, Dkt. 17. In response, Zloza filed a

proposed amended complaint dropping Seibert as a defendant and alleging that an undercover agent from the FBI or the CIA assaulted him and threatened him with a gun. *Id.*, Dkt. 19 at 2-3. Seibert is therefore entitled to dismissal, and even though Zloza was allowed to proceed in that case, the type of allegation made against the FBI and CIA is not plausible.

Having reviewed all of Zloza's pleadings, the court has decided that it can no longer expend judicial resources on the claims he raises. I will issue the following sanction: except for a properly filed notice of appeal, any motions, complaints, or other materials Zloza files here will be docketed and sent to chambers for review. The court will address only those submissions that seem to have plausible merit and will summarily deny or dismiss those that do not.

ORDER

IT IS ORDERED that:

1. Defendant Tim Seibert's motion for summary judgment, case no. 23-cv-58-wmc, Dkt. 15, is GRANTED.

2. Plaintiff is DENIED leave to proceed in case nos. 23-cv-58-wmc, 23-cv-59-wmc, 23-cv-190-wmc, 23-cv-221-wmc, 23-cv-314-wmc, 23-cv-319-wmc, 23-cv-320-wmc, 23-cv-352-wmc, and 23-cv-430-wmc.

3. Case nos. 23-cv-58-wmc, 23-cv-190-wmc, 23-cv-221-wmc, 23-cv-314-wmc, 23-cv-319-wmc, 23-cv-320-wmc, and 23-cv-430-wmc are DISMISSED and the clerk of court is directed to enter judgment for defendants and close these cases. Case nos. 23-cv-59-wmc and 23-cv-352-wmc shall remain closed.

4. Plaintiff is sanctioned as stated in the opinion above.

Entered July 31, 2023.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge